**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICardo SALAZAR, JR.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIV-04-829-R |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security** | ) |
| **Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered May 11, 2005 and Plaintiff's Objection to the Report and Recommendation filed May 19, 2005. Plaintiff makes two objections to the Report and Recommendation that echo Plaintiff's arguments to the Magistrate Judge concerning the Administrative Law Judge's alleged errors. Plaintiff asserts that the Report and Recommendation does not adequately consider Plaintiff's argument that the ALJ erred in his assessment of Plaintiff's residual functional capacity because he did not consider all of Plaintiff's limitations. Specifically, Plaintiff asserts that the Magistrate Judge failed to fully consider the evidence demonstrating Plaintiff's limitations due to liver conditions and non-exertional limitations identified by the consultative examiner. Plaintiff asserts that "[c]ontrary to the findings of the Magistrate, the record does support more restrictive limitations than those assigned by the ALJ as a result of claimant's impairments." Objection at p. 1. Secondly, Plaintiff asserts that the Report and Recommendation fails to fully address Plaintiff's argument that the ALJ failed to properly explain his determination of credibility.

In this regard, Plaintiff suggests that the ALJ's findings with respect to Plaintiff's credibility were not "closely and affirmatively linked to substantial evidence," as required by the Tenth Circuit, *citing Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004).

The Magistrate Judge in her Report and Recommendation carefully and thoroughly considered all of Plaintiff's limitations, exertional and nonexertional, included in the consultative physician's Medical Source Statement and medical assessment of function and the reasons given by the ALJ for rejecting the nonexertional limitations. Likewise, the Magistrate Judge considered Plaintiff's argument that the ALJ improperly rejected Plaintiff's treating physician's opinion that Plaintiff was totally disabled and unable to do any kind of work and concluded that the ALJ's rejection of Dr. Buendia's opinion of total disability due to liver disease, because it was not supported by medically acceptable clinical and laboratory diagnostic techniques and was inconsistent with other medical evidence of record, was supported by substantial evidence in the record. The Court, having reviewed the entire administrative record, agrees with the Magistrate Judge that the ALJ's reasons for rejection of Dr. Buendia's opinion are supported by substantial evidence in the record.

Contrary to Plaintiff's argument, the Magistrate Judge fully addressed Plaintiff's argument that the ALJ didn't adequately explain his determination that Plaintiff's "statements concerning his impairments and their impact on his ability to work are not entirely credible," R. at 17. It is apparent from the ALJ's opinion that he assumed that Plaintiff's chronic liver disease could reasonably be expected to produce the headaches, stomach aches, swelling and cramps of which the Plaintiff complained because he proceeded to the second step under Social Security Ruling 96-7 to consider the intensity, persistence and limiting effects of the

Plaintiff's pain and other symptoms to determine the extent to which the symptoms limited the Plaintiff's ability to do basic work activities.  *See* R. at 17-18.  The Court agrees with the Magistrate Judge that the ALJ adequately addressed Plaintiff's credibility and the Court finds that the ALJ closely linked his finding concerning Plaintiff's credibility to evidence in the record, *see* R. at 17-18, as explained by the Magistrate Judge.  *See* Report and Recommendation at pp. 13-14.  Moreover, it is apparent that the ALJ credited to a large extent Plaintiff's subjective complaints of headaches, stomach aches and swelling because he included in hypotheticals to the vocational expert limitations requiring an individual to elevate his legs periodically during the day for a cumulative total of two hours during the work day, R. at 378, and be absent twice a month, R. at 377-78.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the decision of Defendant Commissioner of the Social Security Administration denying the application of Ricardo Salazar, Jr. for supplemental security income benefits is AFFIRMED.

**IT IS SO ORDERED this 23rd day of May, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE